IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:19CR775 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) | |
| | ) | **UNOPPOSED MOTION FOR PARTIAL** |
| STEPHEN BELLIPARIO, aka TONY, | ) | **UNSEALING AND FOR PROTECTIVE** |
| JOSEPH FOWLES, aka MATT, | ) | **ORDER** |
| AMIR HUGH ROBINSON, | ) | |
| ANTHONY PINIALIS, | ) | |
| CLINTON REIDER, | ) | |
| THOMAS REED, | ) | |
| JAMES OVENS, | ) | |
| MICHAEL TUTOLO, | ) | |
| MAUREY PRESSER, | ) | |
| ALAN BAMBIC, | ) | |
| RALPH ROBERTSON, | ) | |
| | ) | |
| Defendants. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Carmen E. Henderson, Alejandro A. Abreu and Robert E. Bulford, Assistant United States Attorneys, hereby respectfully request that this Court issue an order pertaining to disclosures made by the United States of America to counsel of record for Defendants, employees of defense counsel of record, and other personnel engaged or employed by defense counsel of record in connection with this case (collectively, the "Defense Teams") pursuant to the government's discovery obligations (including under the *Jencks* Act, 18 U.S.C. § 3500, and Rule 16 of the Federal Rules of Criminal Procedure).

I.  **MOTION FOR ORDER ALLOWING DISCLOSURE OF SEALED MATERIALS TO DEFENDANTS.**

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the United States respectfully requests that this Court issue an order allowing the government, as part of discovery, to disclose to the Defense Teams copies of the application, affidavit and order for the Title III wiretap (issued under USDJ No. 17-14-17) and associated documents, and the search warrants and supporting affidavits, applications, and returns executed in this case and issued under the following Case Numbers:

| | | | | |
|---|---|---|---|---|
| 1:17MJ2182 | 1:18MJ2271 | 1:18MJ2269 | 1:18MJ2270 | 1:18MJ2268 |
| 1:18MJ2207 | 1:18MJ2209 | 1:18MJ2206 | 1:18MJ2210 | 1:18MJ2211 |
| 1:18MJ2208 | 1:17MJ2181 | 1:18MJ2272 | 1:18MJ2273 | 1:18MJ2274 |
| 1:18MJ2275 | 1:18MJ2276 | 1:19MJ2069 | 1:19MJ2071 | 1:19MJ2154 |
| 1:19MJ2152 | 1:19MJ2153 | 1:18MJ2280 | 1:19MJ2023 | 1:17MJ2039 |
| 1:17MJ2040 | 1:19MJ2211 | 1:19MJ2196 | 1:19MJ2210 | 1:19MJ2019 |
| 1:19MJ2018 | 1:17MJ2041 | 1:17MJ2098 | 1:17MJ2183 | 1:18MJ9089 |
| 1:19MJ2022 | 1:19MJ2017 | 1:19MJ2133 | 1:18MJ2046 | 1:19MJ2115 |
| 1:19MJ2116 | 1:18MJ2124 | 1:18MJ2001 | | |

Because the above-described sealed documents contain information about cooperating individuals and other witnesses, information regarding uncharged conduct, and information about individuals who have not been charged with criminal conduct, the Government requests that it *not* be required to fully unseal these documents. Instead, the Government asks that it be permitted to disclose copies of these sealed documents only to each defense counsel of record, who will be permitted to share these documents with their respective Defense Teams, and will be

permitted to show these documents to, and discuss these documents with, Defendants and potential witnesses—all subject to the proposed protective order. The Government requests that the orders currently in place sealing the above-described documents remain intact with only a partial unsealing for the limited purpose of permitting the Government to provide discovery to Defendants under the terms of the proposed protective order.

## II.     MOTION FOR PROTECTIVE ORDER.

### A.     SUMMARY

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the government respectfully moves this Court for a protective order prohibiting any member of the Defense Teams, which includes the Defendants, from disclosing or disseminating any and all discovery material produced by the government in this case, including any and all *Jencks* materials, including reports of prior statements of potential government trial witnesses, documents submitted with said materials (together, the "Discovery Material"), and the substance thereof, to any person or entity in any way without express permission of the Court. A proposed protective order is attached as "Exhibit 1" hereto. Furthermore, the government requests that the order require each member of the Defense Team who receives or reviews Discovery Material to sign the appropriate Acknowledgments (attached hereto as "Exhibit 2" for each member of the Defense Team, "Exhibit 3" for each Defendant, and "Exhibit 4" for use with a potential witness) referenced in the proposed protective order, and with permission from the Court to file such Acknowledgment with the Court *ex parte* and under seal.

It is further requested that the following exceptions to the foregoing restrictions be made with respect to the conducting of investigations by members of the Defense Team, so long as the Defense Team members have previously executed the appropriate acknowledgment that has been provided to the Government or filed *ex parte* and under seal with the Court, as described above:

A Defense Team member may disclose and show Discovery Material to potential witnesses under the following conditions: (1) prior to the actual disclosure, the Defense Team member making an investigative disclosure must read or summarize the pertinent parts of the protective order prohibiting witnesses from conveying any information to any other person or entity and the consequences of such an unauthorized disclosure, and orally advise the individual of his or her obligation to comply with its terms; (2) prior to the actual disclosure, the Defense Team member shall execute an Acknowledgment to be filed with the Court *ex parte* and under seal within 72 hours of execution, that the individual has been informed of the existence of the protective order, understands it, and agrees to abide by its terms; (3) the individual to whom disclosure is made shall not take any notes, otherwise record any information contained in Discovery Material, or retain copies of such material; and (4) the Defense Team will redact *Jencks* and other discovery materials so as not to disclose any personal identifying information or information regarding non-indicted persons before copies of such documents are shown to the individual, except to the extent such information is that of the individual to whom such materials are to be shown. In addition, a Defense Team member subject to the protective order may show copies of summary charts derived from Discovery Material to potential witnesses as long as conditions (1) through (4) above are satisfied.

      B.     <u>JUSTIFICATIONS FOR LIMITED DISCLOSURE</u>

Many of the materials that the government will produce in discovery and, including *Jencks* materials or *Giglio* materials, contain information, including names, addresses, Social Security numbers, dates of birth, criminal histories as well as other personal identifying information of the Defendants charged in the indictment in this case. The information contained in these documents also includes personal identifying information of persons not charged in the indictment. Finally, these documents also include information provided by confidential sources,

and information about confidential sources.  Dissemination of this confidential and sensitive information increases the risk that privacy rights would be violated and that confidential sources may be at physical risk.

Discovery in this case is voluminous, and confidential, sensitive information of the type described above is dispersed throughout it.  Accordingly, although as a general matter this type of information can be manually redacted in most circumstances, the government seeks to make such materials subject to a protective order to avoid slowing the discovery process by requiring the government to employ what would be a protracted redaction process for the discovery productions.  Discovery Materials can be produced in a timelier manner if the Government is not required to undertake time-consuming redactions and is not required to analyze whether each item produced should be subject to the protective order.  Placing the confidential personal information of third parties under a protective order puts the Government and Defendants in equal positions, both having full and open access to the same information.  Further, a protective order serves the interest of ensuring the privacy of third parties and, where applicable, is consistent with the terms of Defendants' bonds, wherein they are prohibited from having contact with potential witnesses.

Finally, there are individuals who are named in the Discovery Material who may never be charged.  Dissemination of this information enhances the risk that privacy rights would be violated, and disclosure of investigative information regarding un-charged person may result in undue media attention that could make jury selection more difficult.  *See Gannett Co. v. DePasquale*, 443 U.S. 368 (1979); *Chandler v. Florida*, 449 U.S. 560 (1981); *Sheppard v. Maxwell*, 384 U.S. 333 (1966).  The Discovery Material should remain confidential under this Court's protective order to avoid embarrassment for those persons who may never be charged.

**III.    CONCLUSION**

Accordingly, the United States hereby moves this Court to partially unseal the Title III applications, affidavits and orders and search warrant materials and issue a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), that applies to all discovery materials, including all *Jencks* and *Giglio* materials and exhibits, and that prohibits any member of the Defense Teams from disseminating any and all such materials to any other person or entity without complying with the terms of the protective order.  Undersigned counsel has conferred with counsel for Defendants, who do not oppose this motion.

                                                                              Respectfully submitted,

                                                                              JUSTIN E. HERDMAN
                                                                              United States Attorney

By:    /s/ *Carmen E. Henderson*
         Carmen E. Henderson (OH:  0089212)
         Alejandro A. Abreu (OH: 0089477)
         Robert E. Bulford (OH:  0014679)
         Assistant U.S. Attorneys
         United States Court House
         801 West Superior Avenue, Suite 400
         Cleveland, OH 44113
         (216) 622-3967/3620/3847
         Carmen.Henderson@usdoj.gov
         Alejandro.A.Abreu@usdoj.gov
         Robert.Bulford@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this day, February 14, 2020, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

        /s/ *Carmen E. Henderson*
        Carmen E. Henderson
        Assistant U.S. Attorney